George Gigounas (SBN 209334)
*george.gigounas@us.dlapiper.com*
Andrew Brady (SBN 273675)
*andrew.brady@us.dlapiper.com*
Caroline Lee (SBN 293297)
*caroline.lee@us.dlapiper.com*
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
Telephone:    310.595.3000
Facsimile:    310.595.3300

*Attorneys for Plaintiff*
*TRACY DIRT PIT, LLC*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| TRACY DIRT PIT, LLC<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>Defendants. | Case No. 2:26-cv-00741-CSK<br><br>**JOINT STIPULATION REGARDING E-DISCOVERY**<br><br>Assigned To:    Hon. Chi Soo Kim<br>Trial Date:    None Set<br>Complaint Filed: March 5, 2026 |

DLA Piper LLP (US)

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules and Standing Orders, and any other applicable orders and rules. If there is a conflict between this Order and any of the foregoing rules, the foregoing rules shall govern.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. PRESERVATION

a) The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

b) The Parties agree that the needs of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible if, and only to the extent that, the party in possession of that ESI believes in good faith that ESI is unlikely to contain significant relevant information not otherwise available in reasonably accessible sources. For purposes of this paragraph, the parties agree that the following sources of ESI are not reasonably accessible:

- Backup Media and Backup Systems;
- Legacy Data and Legacy Systems;
- Dynamic fields of databases or log files that are not retained in the usual course of business;
- Residual, deleted, fragmented, overwritten, slack, damaged, or temporary data only accessible by forensics;
- Online access data such as temporary internet files, history, cache, cookies;
- Corrupted data or otherwise inaccessible files that cannot be recovered by the system currently in use;
- Automatically saved versions of document and/or data in metadata fields that are

DLA PIPER LLP (US)

2

frequently updated automatically, such as last-opened dates;

- Server, system or network logs;

- System and program files; and

- Data stored on photocopiers, scanners, and fax machines.

## 5. SEARCH

The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. In the event of dispute, the Parties shall meet and confer and attempt to reach agreement as to the method of searching, and the words, terms, and phrases to be searched. The Parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize expense and burden, the Parties may consider limiting the scope of the electronic search (e.g. the document types and fields to be searched).

On-site inspections of electronic media under Federal Rule of Civil Procedure 34(b) shall not be permitted absent exceptional circumstances where good cause and specific need have been demonstrated.

## 6. PRODUCTION FORMATS

The Parties agree to generally produce documents in the following file formats: ☒ PDF and/or ☒TIFF and/or ☒native and/or ☒paper, or a combination thereof, with the production of documents in TIFF and native formats subject to the production specifications set forth in the Production Format Standard (Exhibit A). If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

## 7. PHASING

When a Party propounds discovery requests pursuant to Fed. R. Civ. P. 34, and a Producing Party makes a request to phase the production of ESI and other materials, the Parties agree to accommodate reasonable requests and meet and confer if necessary to determine a schedule for

DLA Piper LLP (US)

JOINT STIPULATION REGARDING E-DISCOVERY

production from certain ESI sources.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work product-protected document, ESI, or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Within 30 days of production being substantially complete, the Producing Party will produce a privilege log of documents that were withheld based on an assertion of privilege, in Microsoft Excel format. If a Producing Party needs additional time to produce a privilege log, it will make such a request to the Parties and the Parties will not unreasonably deny such a request. Inadvertent failure to log privileged documents or metadata will not result in the waiver of privilege, provided that upon discovering the inadvertent omission, the Producing Party sends to the requesting party an addendum to the appropriate privilege log explaining the reason for the omission and providing the required privilege log entries for the document(s).

c) Communications and work product about this litigation that post-date the filing of the complaint on February 2, 2025, that are between a Producing Party and/or its in-house legal team and/or its Outside Counsel, consultants or other persons providing assistance to outside trial counsel, need not be placed on a privilege log. Communications and work product may be identified on a privilege log by category, rather than individually, if appropriate.

## 9. ADDITIONAL PROVISIONS

a) Proprietary Databases or Structured Data. Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Certain other proprietary databases may not have functionality to export a reasonably readable form other than a static image.

DLA PIPER LLP (US)

4

Relevant Structured Data will be produced in reasonably readable export format available in the ordinary course of business for that particular database. Upon review of the exported report(s) or static image, the requesting Party may, on a showing of particularized need, request from the producing Party additional information to explain any codes, abbreviations, or other information necessary to ensure the document is reasonably usable. In the event of such a request, the Parties will meet and confer regarding the most reasonable means to provide the information.

b) No Waiver. Nothing in this Stipulated Order shall be interpreted to require disclosure of ESI which is not relevant or proportional to the needs of the case, or information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility or confidentiality of ESI. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. Further, performing keyword searches as a privilege screen prior to production of ESI constitutes "reasonable steps to prevent disclosure" as that term is used in Federal Rule of Evidence 502(b).

c) Further Agreement. Any provision of this Stipulated Order may be varied by agreement of the Parties and confirmed in writing where such variance is deemed appropriate to facilitate the timely and economical exchange of physically-stored information or ESI.

d) Reimbursement. Nothing in this Stipulated Order shall affect, in any way, a Producing Party's right to seek reimbursement for costs associated with collection, review, and/or production of physically-stored information or ESI.

**10. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO AGREED AND STIPULATED**, through Counsel of Record.

DLA PIPER LLP (US)

5

JOINT STIPULATION REGARDING E-DISCOVERY

Dated:  June 22, 2026

DLA PIPER LLP (US)
By:*/s/ George Gigounas*
George Gigounas
Andrew Brady
Caroline Lee
Attorneys for Plaintiff
Tracy Dirt Pit, LLC


Dated:  June 22, 2026

Cole HUBER LLP
By:*/s/ Derek P. Cole*
Derek P. Cole
Tyler J. Sherman
Attorneys for Defendant
County of San Joaquin


**IT IS ORDERED** that the foregoing Agreement is approved.


Dated:  June 29, 2026

_____
Honorable Chi Soo Kim
United States Magistrate Judge

DLA PIPER LLP (US)

6

JOINT STIPULATION REGARDING E-DISCOVERY